UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENIS ANN HENDRIX,

    Movant,

                                                   Case No. 1:16-cv-447

v.

                                                   HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O P I N I O N**

This matter comes before the Court on Movant's motions to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (ECF Nos. 1, 7.) On September 20, 2016, the Government filed a response in opposition. (ECF No. 14.) For the reasons that follow, Movant's amended § 2255 motion is denied.

**I.**

On February 29, 2012, Movant pleaded guilty to felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1), and possession of a firearm in furtherance of drug trafficking under 18 U.S.C. § 924(c)(1)(A)(i). This Court sentenced Movant to 126 months. Movant filed a pro se motion for modification or reduction of sentence under 18 U.S.C. § 3582(c)(2), which this Court denied. Subsequently, Movant filed an amended motion to vacate, set aside or correct sentence raising claims of improper sentence enhancement based on *Johnson v.*

*United States*, 135 S.Ct. 2551 (2015) and the amendment to U.S.S.G § 31B.2's "minor role clause."

## II.

A prisoner who moves to vacate her sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and

"actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982).

### III.

A. Waiver and Procedural Bar

The Government contends that Movant's § 2255 motion must be denied because, as part of her plea agreement, Movant waived the right to collaterally attack her sentence. The Court agrees. A movant "may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). The Sixth Circuit "enforce[s] such waivers according to their terms, so long as the defendant entered into the plea agreement knowingly and voluntarily." *Hardin v. United States*, 595 F. App'x 460, 461 (6th Cir. 2014). "[A] defendant who knowingly and voluntarily agreed not to contest his sentence in any post-conviction proceeding waived the right to argue in a § 2255 motion that his counsel provided ineffective assistance at sentencing." *Id.* at 462 (citing *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001)). Based on Movant's signed plea agreement, the Court finds that her plea was knowing and voluntary. The agreement stated that:

> I have read this Plea Agreement and carefully discussed every part of it with my attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, possible defenses, of the sentencing provisions, and of the consequences of entering into this Agreement. No one has threatened or forced me in any way to enter into this

> Agreement. Finally, I am satisfied with the representation of my attorney in this matter.

(*United States v. Hendrix*, No. 1:11-cr-129, Plea Agreement, ECF No. 65, PageID.124.)

The plea agreement also included a waiver of appeal and collateral attack:

> Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (except a challenge that goes to the validity of the waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel).

(*Id.* at PageID.121.)

When Movant signed the Plea Agreement, she explicitly waived her right to collaterally attack her conviction except for claims of involuntary waiver or that the waiver was the product of ineffective assistance of counsel. Movant's *Johnson* claim is not barred by this waiver, but her second claim, which does not relate to the validity of her plea agreement is barred by the waiver. Moreover, Movant never filed a direct appeal, so that claim is also procedurally defaulted. And Movant has not argued cause and actual prejudice or actual innocence to overcome this procedural bar.

### B. *Johnson* Claim

Movant's *Johnson* claim is without merit. The Court did not sentence Movant under the Armed Career Criminal Act ("ACCA") for the felon-in-possession count. Further, her base offense level on this count was not impacted by crimes of violence because she did not have any prior violent convictions. Also, her conviction under 18 U.S.C. § 924(c) involved possession of a firearm in furtherance of a drug-trafficking crime, not a crime of violence.

Thus, *Johnson* does not affect her conviction under § 924(c). *See United States v. Taylor*, 814 F.3d 340, 378-79 (6th Cir. 2016) (holding that *Johnson* does not apply to § 924(c)). This Court did not enhance Movant's sentence under the residual clause of the ACCA, so *Johnson* is inapposite, and Movant's claim is without merit.

    C. "Minor Role Clause"

In her amended § 2255 petition, Movant also argues that her sentence should be reduced based on the "minor role clause" under U.S.S.G. § 3B1.2. This claim is barred by her collateral-attack waiver, but it also is meritless. Movant cites a Ninth Circuit decision, *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), and argues that § 3B1.2 applies retroactively. Yet, in *Quintero-Leyva*, the court held that the amendment to the sentencing guideline applied retroactively on direct appeal. *Id.* at 522. The Ninth Circuit did not address whether the amendment applied retroactively on collateral review or a motion to reopen sentencing proceedings after exhaustion of the claim on direct appeal. *See id.* at 521 n.1. And Movant does not provide any guidance as to why it should apply retroactively on collateral review. Further, like her *Johnson* claim, this amendment was not at issue in Movant's case. Therefore, *Quintero-Leyva* is not relevant, and her claim is without merit.

## IV.

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon her by this Court will be denied. Because the Court finds that the "motion and the files and records of the case conclusively show that the prisoner is entitled

to no relief," 28 U.S.C. § 2255(b), no evidentiary hearing is required.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted." *Id.* at 467. Because Movant cannot make a substantial showing of the denial of a federal constitutional right with respect to any of her claims, a certificate of appealability will be denied.

A judgment and order will enter in accordance with this opinion.


Dated: November 28, 2016	/s/ Robert Holmes Bell
	ROBERT HOLMES BELL
	UNITED STATES DISTRICT JUDGE